# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TRENTON O. TURNER,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.                                    ) | 2:16-cv-01520-MHH |
| ) | |
| **THE BANK OF NEW YORK MELLON** ) | |
| **FKA THE BANK OF NEW YORK, AS** ) | |
| **TRUSTEE FOR (CWABS 2006-ABC1),** ) | |
| *et al.*,                             ) | |
| **Defendants.** ) | |

## BAYVIEW LOAN SERVICING, LLC'S AND BANK OF NEW YORK MELLON'S OPPOSITION TO PLAINTIFF'S RESPONSE TO COURT ORDER TO PRODUCE EVIDENCE

For their opposition to Plaintiff's Response to Court Order to Produce Evidence, Bayview Loan Servicing, LLC and Bank of New York Mellon (hereinafter "Bayview" and "BONY") state as follows:

1. This case is before the Court on Bayview's and BONY's Motion to Enforce Settlement Agreement. Plaintiffs' response is insufficient to excuse their refusal and/or failure to honor their agreement. Plaintiffs' response does not even attempt to explain their refusal to provide 6 of the 7 items that were missing from

2129321.1

their application for a loan modification.  Consequently, this Court should grant Bayview's and BONY's Motion to Enforce Settlement Agreement.[1]

2. In response to that Motion, Plaintiffs assert that they should not have to honor their Settlement Agreement because Bayview and BONY knew Plaintiffs did not have a formal rental agreement for the rental property at issue in this case and that there were no ". . . formal records of rental payments." (<u>Plaintiffs' Response</u>, p. 2).[2]

3. Plaintiffs' argument to this Court incorrectly suggests that their application for a loan modification was denied <u>solely</u> because they did not produce a rental agreement or "formal records of rental payments". (<u>Id</u>.)  Plaintiffs ignore the fact that their application for a loan modification was missing several other documents.  Specifically, Plaintiffs failed or refused to provide the following documents:

    a) they failed or refused to complete section 3 of the RMA with primary residence information;

    b) a complete copy (signed and dated) of Plaintiffs' 2016 personal tax returns;

---

[1] Plaintiffs' refusal to honor their agreement in this case is particularly egregious given the specious allegations they have made against Bayview and BONY.  If this Court does not enforce the parties' settlement agreement, Bayview and BONY request that they be permitted to file a Motion for Summary Judgment to resolve this case.

[2] Bayview and BONY do not deny that they were arguably on constructive notice of the lack of a rental agreement by virtue of the testimony attached to Plaintiffs' response.  However, they deny that the counsel and corporate representative who negotiated the settlement at mediation had actual knowledge of that fact or that they intended to deceive Plaintiffs.  Neither Bayview and BONY's counsel, nor their corporate representative, attended Plaintiffs' deposition.

  c) a complete copy (signed and dated) of Plaintiffs' 2016 corporate tax returns for all Schedule E businesses;

  d) the most recent quarter, or the last 3 months profit and loss statements for all Schedule E businesses; and

  e) copies of bank statements with circles drawn around deposits of rental payments.

(Motion to Enforce Settlement Agreement, Doc. 50-1, at p. 136-37, also attached hereto as Exhibit A.

  4. Plaintiffs' refusal and/or failure to provide any one of the documents listed in a-d above justifies the denial of their application for a loan modification.

  5. With regard to the rental payments requested in e, Plaintiffs have not explained why they could not provide records of the rental payments they testified they had received.  Contrary to Plaintiffs' characterization, Bayview and BONY did not ask Plaintiffs to provide "formal records of rental payments".  Instead, Bayview and BONY were willing to accept copies of ". . . bank statement(s) with rental income deposits circled."  (Motion to Enforce Settlement Agreement, Exhibit A, attachment 17, also attached hereto.)  As Plaintiffs' submission to this Court confirms, Trenton Turner testified under oath that Plaintiffs received rental payments of $500 "every now and then."  Plaintiffs have offered no explanation for their refusal and/or failure to provide these records.

2129321.1

3

6. Plaintiffs are asking this Court to excuse them from the consequences of refusing and/or failing to honor their agreement. As this Court knows, arms length contracts parties into with the benefit of counsel should be enforced as written. Ex Parte Conference America, Inc., 713 So. 2d 953, 956 (Ala. 1998) ("*If in its terms a contract is plain and free from ambiguity, then there is no room for construction and it is the duty of the court to enforce it as written.*"). Therefore, this Court should grant Bayview's and BONY's Motion to Enforce Settlement Agreement.

Wherefore, Bayview Loan Servicing, LLC and Bank of New York Mellon move this Court to enter an order enforcing the parties' settlement agreement, compelling Plaintiffs to accept $3500 in full and final settlement of this case, and dismissing Plaintiffs claims against them with prejudice.

/s/Christopher A. Bottcher
Christopher A. Bottcher
T. Dylan Reeves
Attorneys For Bayview Loan Servicing, LLC and Bank of New Mellon Trust Company, NA

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL 35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
cbottcher@mcglinchey.com
dreeves@mcglinchey.com

2129321.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth J. Lay
HOOD & LAY LLC
1117 South 22nd Street
Birmingham, AL 35205
*Attorney for Plaintiffs*

Graham W. Gerhardt
Grant A. Premo
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
*Attorneys for Bank of America, NA*

        /s/Christopher A. Bottcher
        Of Counsel

2129321.1

# EXHIBIT A

## Bottcher, Christopher

| | |
|---|---|
| **From:** | Bottcher, Christopher |
| **Sent:** | Tuesday, February 20, 2018 2:53 PM |
| **To:** | 'Kenneth Lay' |
| **Cc:** | Smith, Michelle F. |
| **Subject:** | FW: 0000601392 - TURNER, DONNA - Application for Modification (1 of 3) |

Ken,

I asked BLS to have a senior person review the Turner's submission ASAP. Got a response quicker than anticipated. The package is incomplete. Here is what BLS needs, based on what has been provided (additional documents may be required, depending on what their 2016 taxes look like). Borrowers provided 2015 tax information and 2015 year end P&Ls, none of which we can use.

1. RMA Section 3: borrowers to complete this section with *primary* residence information
2. RMA Section 4: borrowers to complete this section – financial statement cannot be used in lieu of this section
3. All pages of borrowers 2016 personal tax returns, signed and dated on page 2
4. All pages of 2016 corporate tax returns, signed and dated on page 1, for all Schedule E businesses
5. Most recent QTR or last 3 month P&Ls for all Schedule E businesses
6. Copies of valid lease agreements
7. Copy of bank statement(s) with rental income deposits circled

Please have them send these documents to me w/in the next 10 days. Thx.

**Christopher "Chris" Bottcher**

| | |
|---|---|
| **direct:** | (205) 725-6401 |
| **fax:** | (205) 278-9712 |
| **mobile:** | (205) 542-2928 |
| **email:** | cbottcher@mcglinchey.com |
| **office:** | 505 20th St N, Ste 800 | Birmingham, AL 35203 |



**McGLINCHEY STAFFORD®**

bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama   California   Florida   Louisiana   Mississippi   New York   Ohio   Texas   Washington, DC

1